## 56722. ALFORD v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of burglary and sentenced to serve a term of 10 years, the last four (after serving six years in confinement) to be served on probation. Defendant appeals, contending the trial court erred "in entering judgment and sentencing" the defendant "because there was only circumstantial evidence presented and taken as a whole did not exclude every other reasonable hypothesis save that of the guilt of the accused." *Held:*

Returning home on a certain date at approximately 1 p.m., the owner, whose home was burglarized, observed a black male running out the back door of his home. When this male looked up toward the owner in his automobile this male ran into the woods. The owner then backed out of his driveway and pulled into the driveway of an adjoining house to keep an automobile, parked near his home, under observation. Approximately two minutes after flagging down a motorist to go by the sheriff's office the owner observed another black male walking on the road near his home. The owner then drove down to this male and asked him where he came from. This individual advised he had come from the service station in town (although the owner testified this individual had not passed him in coming from town). In the meantime, the automobile he had under observation disappeared. The

police were notified, and a patrolman who heard of the lookout for the automobile over his radio drove to the general area of the burglary and met an automobile matching the description of the one given in the lookout. This officer then turned around and attempted to locate the automobile he had met. The defendant was driving this automobile when it finally stopped. The owner of the burglarized home identified same as the one he observed parked near his home. The defendant at the time he was stopped had bits of grass and weeds all over his clothing and hair as though he had "been lying down in the grass." The second black male admitted that he had been riding with the defendant on the morning of the burglary, had been in the vicinity of the victim's home and had rung the doorbell, but denied entering the home. He also testified that the defendant did not enter the home, whereupon the district attorney pleaded surprise and sought to impeach the witness using a prior inconsistent statement. This witness admitted making the statement to a detective implicating the defendant as to the burglary but now testified that this statement was not true. His statement to the detective was admitted into evidence for impeachment purposes only without objection.

The direct evidence discloses that a burglary was in process as shown by the testimony of the owner. The defendant and another were seen in the neighborhood under suspicious circumstances. The proved facts here were consistent with the hypothesis of guilt. It also excludes every other reasonable hypothesis save the guilt of the accused since the circumstances point solely to the defendant and the witness who implicated him, although he now testifies positively that he did so falsely. It is not necessary that the evidence exclude every possibility or every inference that may be drawn from the proved facts but is only necessary to exclude reasonable inferences and reasonable hypotheses. *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714); *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504). From the totality of the evidence here the verdict was authorized as the consistency of the circumstantial evidence was sufficient to convict. The case is somewhat different from that of *Crane v. State,* 123 Ga. App. 226 (180 SE2d 289), and *Vaughn v. State,* 136 Ga. App. 54 (220

SE2d 66), wherein the evidence did not exclude every reasonable hypothesis save the guilt of the accused.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted October 17, 1978 — Decided November 2, 1978.

*Arch W. McGarity,* for appellant.
*E. Byron Smith, District Attorney, L. Elizabeth Lane, Hal Craig, Assistant District Attorneys,* for appellee.