## 63347. WALLACE v. THE STATE.

BANKE, Judge.
   The defendant was indicted for selling cocaine in violation of the Georgia Controlled Substances Act. His attorney filed a document which he contends was a demand for trial pursuant to Code Ann. § 27-1901. Among the alleged errors enumerated on appeal is the court's denial of his subsequent motion for acquittal and discharge for failure to accord him a speedy trial. *Held:*
   1. Code Ann. § 27-1901 provides as follows: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial..." The state concedes that trial was not held during the period provided in the statute, but contends that there was no proper demand for trial.
   The wording of the defendant's demand is as follows: "Comes now the defendant in the above-styled matter and respectfully demands a copy of the indictment that will be used at trial, trial, and a copy of the list of witnesses to be used at said trial." This court has recently held that to constitute a valid demand for trial sufficient to invoke the sanctions of Code § 27-1901, the demand must reasonably apprise the court that a trial is sought within the next succeeding term of court. *State v. Adamczyk,* 162 Ga. App. 288 (290 SE2d 149) (1982). We conclude, as we did there, that the defendant's request cannot reasonably be considered a demand to be tried within the next succeeding term of court. Accordingly, this enumeration of error is without merit.
   2. After the defendant testified in his own behalf, the state was

allowed to play for the jury portions of taped conversations between the defendant and the narcotics agent who purchased the drugs which the defendant was charged with selling. The defendant contends that the foundation for this evidence was insufficient. However, the foundation met the requirements set forth in *Solomon, Inc. v. Edgar,* 92 Ga. App. 207 (3) (88 SE2d 167) (1955), and approved in *Estes v. State,* 232 Ga. 703 (46) (208 SE2d 806) (1974). The defendant's additional complaint that the tape recording was not rebuttal evidence but was used to bolster the state's case in chief is likewise without merit. The recording of the defendant's conversation was clearly offered for the purpose of impeaching his in-court testimony and was admissible for that purpose. The defendant further urges that the state wrongfully failed to disclose the tape to him under the guidelines of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). However, there is no indication that a Brady motion was filed, nor is there any suggestion that the tape included exculpatory material.

3. The defendant next complains that the trial court erred in its charge concerning entrapment. The court charged substantially in the language of Code Ann. § 26-905 that entrapment exists when the conduct charged is "induced" by the investigator. The court did not charge the conjunctive phrasing of the statute, i.e., "Conduct . . . induced *or solicited . . .*" (Emphasis supplied.) The remainder of the charge follows the statute exactly, stating that "[E]ntrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." The court's charge was adequate, and we find no risk of harm because of the omission. In any event, we note from the record that the defendant's counsel read the charge before it was given and expressed satisfaction with it.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 18, 1982.

*Jimmy D. Berry,* for appellant.
*Thomas Charron, District Attorney, Mary Staley, Amy A. Hembree, Assistant District Attorneys,* for appellee.