## 64929. WILLIAMS v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was convicted of burglary. His motion for new trial, as amended, was filed, heard and denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends that "[t]he trial court erred in not excluding all reasonable hypothesis save that of the guilt of the accused." He contends that "[t]he evidence introduced during the course of the trial clearly details such other reasonable hypothesis" save that of the guilt of the accused. However, we do not agree that the defendant's conviction was based solely on circumstantial evidence so as to bring into play Code § 38-109 which

requires that in a conviction based solely on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. The state's evidence disclosed that in the early morning hours a black male wearing a toboggan hat was observed inside the store in the vicinity of the store's safe and scurried to a back room when he realized he was observed in the store. The police were called and a shadowy form of a human was seen moving through the building. Another officer observed the defendant running approximately 10 feet from the building. When he failed to heed the officer's command to stop, a chase ensued and he was ultimately captured. Some of the clothing he was wearing (the toboggan hat) was similar to that as worn by the person observed inside the store. Entry had been obtained by pounding a hole in the rear wall with a sledge hammer. A "punch tool . . . used as a common burglary tool" and the sledge hammer were found inside the store.

Defendant contends that the testimony of the store manager, who testified for the state concerning missing cigarettes (which were never found), disclosed that he (store manager) might have sold the cigarettes and kept the money or stolen the cigarettes himself and had staged the burglary at issue as a cover-up. Hence the state's evidence did not exclude every possibility or every inference that could be drawn from the proved facts. However, it is only necessary to exclude reasonable inferences and reasonable hypotheses. See *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714); *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504); *Coachman v. State,* 236 Ga. 473, 475 (4) (224 SE2d 36); *Alford v. State,* 147 Ga. App. 878, 879 (250 SE2d 584). Further, the mere possibility that someone other than the defendant committed the crime charged in the indictment is not such a reasonable hypothesis as must be excluded in order for circumstantial evidence to authorize a conviction of defendant. See *Eason v. State,* 217 Ga. 831 (2) (125 SE2d 488); *Pinson v. State,* 235 Ga. 188, 190 (219 SE2d 125); *Castleberry v. State,* 152 Ga. App. 769 (2), 770 (264 SE2d 239). After careful review of the transcript and record we are convinced, and so hold, that a rational trier of fact (the jury in this case) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary. See *Rutledge v. State,* 245 Ga. 768, 769 (267 SE2d 199); *Crawford v. State,* 245 Ga. 89, 90 (1) (263 SE2d 131); *Alexander v. State,* 247 Ga. 780, 783 (1) (279 SE2d 691); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175). There is no merit in this complaint.

2. Defendant next contends that the trial court did not properly exercise its discretion in allowing a detective, a state's witness, to

remain in the courtroom in exception to the rule of sequestration. We do not agree. At the time the rule was invoked the assistant district attorney specifically requested that the detective be excepted from the rule and remain in the courtroom to aid in the orderly présentation of the case. The court then exercised its discretion and allowed this officer to remain. See *McNeal v. State,* 228 Ga. 633 (187 SE2d 271). Compare *Massey v. State,* 220 Ga. 883 (142 SE2d 832). We note here that the defendant did not request that the detective be required to testify first, hence we find no merit in this complaint. See *McCranie v. State,* 151 Ga. App. 871, 875 (5) (261 SE2d 779); *Whitfield v. State,* 143 Ga. App. 779, 780 (240 SE2d 189); *Jefferson v. State,* 159 Ga. App. 740 (1) (285 SE2d 213).

3. During the trial the state's attorney used a chalkboard for illustrative purposes in examination of witnesses. Defendant now contends that since this chalkboard was not submitted as an exhibit in evidence the trial court erred in not having a complete record of the trial made available to the defendant for the purpose of appeal. Defendant cites *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271) and *McElwee v. State,* 147 Ga. App. 84, 85-88 (248 SE2d 162). However, these cases are not controlling since the chalkboard was never made a part of the record or submitted in evidence and was used only for illustrative purposes. See *Long v. Serritt,* 102 Ga. App. 550 (1), 551 (117 SE2d 216). We find no merit in this complaint.

4. The remaining enumeration of error is simply that the trial court erred in overruling his motion for new trial, citing *Munday v. Brissette,* 113 Ga. App. 147 (148 SE2d 55), which we consider as an additional enumeration of error. We have examined the motion, as amended, and find that each and every ground thereof has been considered in this review as shown above. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED DECEMBER 3, 1982.

*George W. Bailey,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellee.