## 67098. CORBITT v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of a violation of the Georgia Controlled Substances Act. The evidence at trial revealed that appellant was asked by an acquaintance and an undercover narcotics agent to purchase for them a narcotic drug called demerol (pethidine). Appellant accompanied them to another part of town where the agent gave him money with which to make the purchase. He left them, apparently to meet his supplier, then returned and gave the agent 14 tablets of demerol. In response to appellant's request, the agent gave appellant two of the tablets as payment for procuring the drugs. Appellant then told them that he could get them all the demerol they wanted if they would contact him early in the day because the drug was harder to obtain late at night.

The main thrust of appellant's appeal concerns evidence and jury instructions related to his entrapment defense. Appellant also claims that he was twice put in jeopardy for an offense arising from the same occurrence and that the trial court impermissibly shifted the burden of proof to the defendant via an erroneous jury instruction.

1. Appellant was arrested approximately four months after the above-described events and was charged with three separate crimes. The charges relevant to the present case were violation of the Georgia Controlled Substances Act and violation of a city ordinance prohibiting the possession of drug paraphernalia. Prior to the trial from which this appeal arose, appellant pleaded guilty in municipal court to the city ordinance violation.

Appellant contends that these charges should have been consolidated and tried simultaneously, or at least they should have both been tried at the superior court level, and that the state's failure to do so violated OCGA § 16-1-7 (Code Ann. § 26-506). That statute provides that when the *same* conduct of an accused may establish the commission of more than one crime, an accused may not be

prosecuted for or convicted of more than one crime if "(1) [o]ne crime is included in the other; or (2) [t]he crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." OCGA § 16-1-7 (a) (1), (2) (Code Ann. § 26-506). However, that statute is inapplicable to the present case because the drug paraphernalia offense is not included in the drug sale offense as a matter of fact or of law, and those offenses do not satisfy the definition set out in OCGA § 16-1-7 (a) (2) (Code Ann. § 26-506). Furthermore, it is apparent that the two offenses did not arise out of the same conduct of appellant. *Williams v. State,* 156 Ga. App. 481 (1) (274 SE2d 826). Accordingly, appellant was not put in double jeopardy, and this enumeration is without merit.

2. At trial, the court instructed the jury that the laws of this state made the unauthorized sale of demerol unlawful and that the burden was on the defendant to show his authority to sell. See OCGA § 16-13-50 (a) (Code Ann. § 79A-829). Appellant claims that this charge illegally shifts the burden of proof to him. However, appellant is precluded from asserting this charge as error because he has put forth an entrapment defense. " 'In order to raise the defense of entrapment a defendant must admit the commission of the crime ...' [Cits.]" *Griffin v. State,* 154 Ga. App. 261, 263 (267 SE2d 867). Since the jury instruction complained of involves whether appellant actually committed the crime, an error in the instruction would have been harmless.

3. As noted above, appellant boasted that he could obtain all the demerol the purchasers wanted if he was given enough notice. Appellant contends that the testimony regarding this statement was inadmissible to prove his *predisposition* to commit the crime because the statement was uttered *after* he obtained the drugs. It is unnecessary to determine the merit of this contention since the testimony in question was allowed into evidence at an earlier time without objection by appellant. Therefore, appellant has waived review of this issue. *Bell v. State,* 159 Ga. App. 621, 623 (284 SE2d 639).

4. While instructing the jury on entrapment, the trial judge quoted OCGA § 16-3-25 (Code Ann. § 26-905) but omitted the phrase "or solicited" from the first sentence. Subsequently, the jury requested a recharge on the issue of entrapment, and the trial judge concurred but included in the second charge the phrase he omitted during his initial instruction. Appellant argues that this sequence of events confused the jury and resulted in undue prejudice to him. We hold that any prejudice caused appellant, though none is readily apparent, was rendered harmless by the trial court's subsequent

correction of its earlier omission. See *Wallace v. State,* 162 Ga. App. 367 (3) (291 SE2d 437).

5. In the trial judge's recharge to the jury, he added an instruction that is commonly referred to as the "good faith" exception to the defense of entrapment. The charge in question is as follows: "If an officer of the law has reason to believe that the law is being violated, he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If an officer acts in good faith, in the honest belief that the defendant is engaged in unlawful conduct, of which the offense charged in the indictment is a part, and the purpose of the officer is not to induce an innocent man to commit a crime, but to secure evidence from which a guilty man can be brought to justice, the defense of entrapment is without merit."

Appellant's contention that this charge was an erroneous statement of law is controlled adversely to him by *Keaton v. State,* 169 Ga. App. 527 (313 SE2d 721), where an instruction virtually identical to the one set out above was approved by this court. See also *Rucker v. State,* 135 Ga. App. 468 (3) (218 SE2d 146), and *Sutton v. State,* 59 Ga. App. 198, 200 (200 SE 225). Accordingly, this enumeration is without merit.

6. Appellant asserts that the trial court erred in refusing to give certain instructions requested by appellant. However, after a review of the record, we find that the principles of one of the requested instructions was substantially covered by the charge given by the trial court. Therefore, no error resulted in the trial court's refusal to issue that exact instruction. *Caldwell v. State,* 167 Ga. App. 692 (6) (307 SE2d 511); *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820).

The other requested charge was as follows: "I charge you that if you find the state created the activity constituting the crime of selling drugs, and the defendant participated in any capacity in any purchase or sale of drugs, then the defendant has been entrapped by the state, and it would be your duty to acquit." The case of United States v. Mahoney, 355 FSupp. 418, 423, from which this theory of law is taken, is factually distinguishable from the case at bar. In Mahoney, the government *sold* the drugs instead of *buying* them as they did in the present case. In a case involving the latter situation, this court held: "'The focus of the entrapment defense is the intent or predisposition of the defendant to commit the crime.' [Cit.]" *Bennett v. State,* 158 Ga. App. 421, 422 (280 SE2d 429). The instruction requested by appellant concentrated entirely on the conduct of the state. Therefore, the trial court was correct in refusing to give appellant's requested instruction.

7. Finally, appellant argues that the state failed to meet its

burden of proof in rebutting the entrapment defense. We find, however, that appellant's testimony indicated "a marked disposition to use and sell" contraband. *Garrett v. State,* 133 Ga. App. 564, 566 (211 SE2d 584). Additionally, there is no evidence that the undercover agent induced appellant "by undue persuasion, incitement, or deceitful means" to commit an act that he would not have committed if not for the solicitation of the agent. It follows that sufficient evidence existed from which a rational trier of fact could find appellant guilty as charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 3, 1984.

*James D. Clark, Thomas M. Hackel,* for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.