## 68384. DICKERSON v. THE STATE.
### (322 SE2d 502)

QUILLIAN, Presiding Judge.

Indicted for credit card theft, defendant appeals the denial of her plea of former jeopardy and collateral estoppel.

On January 21, 1981, defendant was indicted in Forsyth County for two counts of credit card theft in violation of Code Ann. § 26-

1705.1 (now OCGA § 16-9-31). On March 13, 1981, she was indicted in DeKalb County for two counts of credit card theft, which were the same offenses alleged in the Forsyth County indictment. Defendant made no motion for continuance on the DeKalb indictment and filed a demand for jury trial on April 9, 1981. On April 21, 1981, a nolle prosequi was entered on the DeKalb indictment because defendant had already been indicted for the same offenses in Forsyth County. On June 2, 1981, defendant was again indicted in DeKalb County for three counts of credit card fraud by using the same two credit cards alleged in the preceding indictments to obtain goods from various businesses in violation of Code Ann. § 26-1705.3 (now OCGA § 16-9-33). Defendant requested no continuance on this second DeKalb indictment and again requested trial by jury. On November 12, 1981, a nolle prosequi was also entered on this second DeKalb indictment because defendant had been indicted in Forsyth County for "criminal activity arising out of the same transactions." On August 6, 1982, defendant filed her plea of former jeopardy and collateral estoppel to the Forsyth indictment on the ground that she had been acquitted of the same offenses charged in the Forsyth indictment by operation of OCGA § 17-7-170 because she had not been tried in DeKalb County in the term her demand for trial was made or at the next term thereafter. *Held*:

OCGA § 17-7-170 provides: "(a) Any person against whom a true bill of indictment . . . is found . . . may enter a demand for trial at the court term at which the indictment . . . is found or at the next succeeding regular term thereafter . . . (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter . . . he shall be absolutely discharged and acquitted of the offense charged in the indictment. . . ."

Defendant's demands for jury trial on the DeKalb indictments, which did not specifically demand to be tried within the next succeeding term of court, were not sufficient to invoke OCGA § 17-7-170. *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149). Accord *State v. Pope*, 162 Ga. App. 290 (291 SE2d 265); *State v. Edwards*, 162 Ga. App. 291 (290 SE2d 362); *State v. Floyd*, 162 Ga. App. 291 (291 SE2d 264); *Forbus v. State*, 162 Ga. App. 307 (290 SE2d 559); *Wallace v. State*, 162 Ga. App. 367 (1) (291 SE2d 437); *Forbus & Nicholson v. State*, 250 Ga. 24 (295 SE2d 530). Retrospective application, *State v. King*, 164 Ga. App. 834 (298 SE2d 586).

Accordingly, defendant's allegations of error are without merit.
*Judgment affirmed. Birdsong and Carley, JJ., concur.*

Decided September 5, 1984 —
Rehearing denied September 27, 1984 

*C. Nelson Jarnagin*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.