## 76462. GULLEY v. THE STATE.
(369 SE2d 326)

BANKE, Presiding Judge.

The appellant was convicted of violating the Georgia Controlled Substances Act by trafficking in cocaine. On appeal, his sole enumeration of error concerns the admission of the cocaine into evidence over his objection that the state failed to establish a sufficient chain of custody.

The cocaine was seized during the course of a search conducted at Atlanta's Hartsfield International Airport. The substance was placed in an evidence bag which was then heat-sealed, marked for identification, and sent by registered mail to the Drug Enforcement Administration (DEA) laboratory in Miami, Florida. At the DEA lab, the package was assigned a lab number and placed in an evidence vault until such time as it was tested by the forensic chemist. *Held*:

The burden is on the state " 'to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution.' [Cit.]" *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). The identity of the substance need not be proved beyond all possibility of doubt. "The circumstances need only establish reasonable assurance of the identity of the sample." *Patterson v. State*, 224 Ga. 197, 199 (2) (160 SE2d 815) (1968). The appellant's bare allegation that the evidence *might* have been tampered with is insufficient to defeat the state's showing in this regard. It follows that the evidence in this case was properly admitted. See *Baker v. State*, 137 Ga. App. 33 (222 SE2d 865) (1975).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 2, 1988.

*Linda S. Cowen*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.