## A90A0064. TATUM v. THE STATE.
### (393 SE2d 494)

COOPER, Judge.

A jury found appellant guilty of trafficking in cocaine (OCGA § 16-13-31 (a)) and possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b) (5)). Appellant enumerates several alleged errors in his effort to have the convictions reversed.

The record shows that an informant, who was working as the arresting officer's agent, called the officer and stated that he had a person who wanted to sell three ounces of cocaine for $3,300. The officer and the informant then went to a prearranged location and waited for the seller to arrive. Appellant arrived at the location and stated that when he received the money, he would wave his hand in the air and a second person would bring the cocaine. The officer gave appellant $2,300 for two ounces of cocaine and, when the second person brought the cocaine, appellant and the second person were arrested and charged with trafficking in cocaine. During a search of appellant, the officer found a handgun in appellant's pants.

1. Appellant first contends that the trial court erred in allowing a State witness to testify whose name did not appear on the list of witnesses provided to appellant. "Although the witness' name did not appear on the list previously furnished to appellant, the trial court did allow appellant to conduct an interview before the witness was permitted to testify. Accordingly, there was no violation of OCGA § 17-7-110." *Boscaino v. State*, 186 Ga. App. 133 (3) (366 SE2d 789) (1988).

2. Appellant, contending that no chain-of-custody was established, enumerates as error the admission of a witness' testimony regarding the purity of the cocaine. At trial the officer identified the State's exhibit as the cocaine sold to him by appellant. He further testified that after seizing the cocaine, he returned to his office where he weighed the cocaine, placed it in a bag, labelled and heat sealed the bag, and placed it in the evidence box. The forensic chemist also identified the State's exhibit by his initials and crime lab case number which he placed on the label and further testified that after testing the cocaine, he placed evidence tape over the seal and placed it in an evidence locker. We conclude that the State met its burden of showing with reasonable certainty that the evidence was the same as that seized and there was no tampering or substitution. *Gulley v. State*, 187 Ga. App. 35 (369 SE2d 326) (1988).

3. Appellant alleges error in the trial court's recharge to the jury on entrapment. The jury requested, and received, a recharge on the law of entrapment. Appellant objected to the following portion of the recharge: "Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee or with an agent of either and he by undue persuasion, incitement or deceitful means induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Appellant objected because in the original charge, the words "or agent" followed the word "officer" in the last line of the charge. The trial judge overruled the objection, but during a subsequent recharge on entrapment, requested by the jury, the trial court included those words in the charge. Appellant objected to the second recharge, contending that the words "or agent" should have been included in yet another portion of the charge, even though not included in the original charge. Having reviewed the charge and the two recharges, we conclude that the trial judge correctly instructed the jury on the law of entrapment, and we find no harm from the failure to include the words "or agent" in one portion of the charge, particularly when the exact same charge was given twice without any objection by appellant. See *Wallace v. State*, 162 Ga. App. 367 (3) (291 SE2d 437) (1982).

4. The evidence considered in its entirety was sufficient to enable a rational trier of fact to find appellant guilty on both counts of the indictment beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Corbitt v. State*, 169 Ga. App. 739 (7) (315 SE2d 25) (1984).

5. Appellant raises as error on appeal that he was denied the ineffective assistance of counsel. The record reflects that appellant retained an attorney to represent him during the trial; that appellant filed a pro se notice of appeal; that an attorney was thereafter ap-

pointed to represent appellant; and that appellant's court appointed counsel filed an amended notice of appeal and raised for the first time the issue of effectiveness of counsel during trial. We find this case to be controlled by *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986), where the Supreme Court established the practice of remanding to the trial court the claim of ineffective assistance of counsel when the issue was first raised on appeal. Accordingly, this case is remanded to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Hutton v. State*, 192 Ga. App. 239 (5) (384 SE2d 446) (1989).

*Judgment affirmed and case remanded with direction. Banke, P. J., and Birdsong, J., concur.*

Decided April 12, 1990.

*Louise C. Thomas*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.