A90A0132. WARNOCK v. THE STATE.
(394 SE2d 382)

McMURRAY, Presiding Judge.

Defendant was convicted of sodomy (two counts), cruelty to children (three counts) and terroristic threats. This appeal followed the imposition of sentence. *Held:*

1. Upon direct examination, one of the victims, defendant's older daughter, testified that she was awake when her father entered her room on the night in question. She also testified that defendant spoke to her, offering to give her a back rub. Upon cross-examination, the victim admitted that she previously gave a sworn statement stating she was not awake when defendant entered her room. In this connection, the victim read a portion of the statement to the jury: "It says 'I woke up. I believe he did not know that I was awake because he did not say one word to me. I woke up to him masturbating.' "

Pointing to the discrepancy between the victim's testimony and her previous sworn statement, and citing *Hill v. State*, 159 Ga. App. 489, 490 (2) (283 SE2d 703), defendant asserts the trial court erred in failing to charge the rule that "the testimony of a witness who swears wilfully and knowingly falsely is to be disregarded unless corroborated by circumstances or by other unimpeached evidence." *Hill v. State*, 159 Ga. App. 489, 490 (2), supra. See OCGA § 24-9-85. This assertion is without merit.

"In order to make this provision [OCGA § 24-9-85] applicable 'it must appear, among other things, that the witness admits, on the trial, that he wilfully and knowingly swore falsely, or the testimony must be such as to render the purpose to falsify manifest.' *Smith v. State*, 74 Ga. App. 777 (2) (41 SE2d 541) (1947). 'Under this rule . . . it has several times been held, that if a witness swears at the trial to a certain state of facts *in a material matter*, and he has previously sworn to the contrary in the same case, and where he admits that his testimony was false, this constitutes a wilful and knowing false swearing, and requires the jury to reject his testimony entirely, unless it be "corroborated by circumstances or other unimpeached evidence." In such a case it has been held that the judge should so charge the jury, even without a request.' (Emphasis supplied.) *Smaha v. George*, 195 Ga. 412, 418 (24 SE2d 385) (1943)." *Hill v. State*, 159 Ga. App. 489, 490 (2), supra. See also *Fugitt v. State*, 256 Ga. 292, 298 (6) (348 SE2d 451).

The circumstances in the case sub judice did not require the trial court to find that the victim testified wilfully and knowingly falsely to a material matter. Accordingly, in the absence of a request, the trial court did not err by failing to charge the language of OCGA § 24-9-85. *Fugitt v. State*, 256 Ga. 292, supra.

2. In this second enumeration of error, defendant contends the trial court improperly ruled that the State was entitled to open and conclude the argument to the jury. In this regard, he maintains he was entitled to open and conclude the argument because he introduced no evidence. See OCGA § 17-8-71.

During cross-examination of defendant's older daughter, counsel marked the daughter's previous sworn statement as an exhibit. The

daughter was questioned about the sworn statement and she read excerpts from it to the jury. Thereafter, the prosecutor inquired whether the sworn statement had been admitted in evidence and defense counsel responded: "If he has any question about it, we move that it be admitted." The trial judge stated he did not know if the statement would go out with the jury but added that "for purposes of cross-examination of the witness —." At that point defense counsel interrupted to announce the statement was withdrawn. The trial court followed up: "Well, you've already asked the question. . . . It's in for the purpose of cross-examination." Thereupon, the prosecutor questioned defendant's older daughter about the statement. And, when he finished, defense counsel questioned the witness about the statement further.

"Which party is entitled to open and close is oftentimes unclear, based on whether or not any admissible testimony or documentary evidence has been introduced by the accused. It is beyond question in this state that where an accused offers no testimony or evidence into the trial of a case, other than his own testimony, he has the right to the opening and closing arguments." *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698). Did defendant introduce evidence into the trial of the case? We think he did. In our view, defendant clearly offered evidence for impeachment purposes and the trial court admitted the evidence for that purpose. See in this connection *Johnson v. State*, 244 Ga. 295, 296 (3) (260 SE2d 23), in which it was held that written documents admitted in evidence for impeachment purposes may not be taken into the jury room.

Defendant argues the sworn statement should not have been admitted in evidence because he attempted to withdraw it before the trial court made its ruling. We disagree. Defendant could not withdraw the sworn statement after the trial court telegraphed its intention to admit it. See *Nations v. State*, 234 Ga. 709, 710 (4) (217 SE2d 287) and *Freeney v. State*, 129 Ga. 759, 764, 766 (59 SE 788) holding that evidence introduced by defendant cannot be withdrawn in order to regain the right to open and conclude. Because defendant introduced evidence into the trial of the case, the trial court properly ruled that the State was entitled to the opening and concluding arguments.

3. The victims testified that defendant used Vaseline and Noxema to perpetrate the acts of cruelty to children. In closing argument, the prosecutor placed these products on the table, prompting a motion for mistrial. The trial court overruled the motion for mistrial but directed the prosecutor to remove the products from the jury's sight. Defendant did not seek further instruction; nor did he renew the motion for mistrial.

Defendant asserts the trial court erred in overruling the motion for mistrial. We disagree. The products were exhibited to the jury for

the purpose of illustration only. See *Williams v. State,* 164 Ga. App. 621, 623 (3) (298 SE2d 306); *McClure v. State,* 163 Ga. App. 236, 237 (3), 238 (293 SE2d 496). Besides, defendant failed to seek further instruction or renew the motion for mistrial after the trial court took corrective action. See *Chandler v. State,* 143 Ga. App. 608, 609 (2) (239 SE2d 158). The third enumeration of error is without merit.

4. In his final enumeration of error, defendant contends the evidence was insufficient to support the terroristic threat conviction. In this regard, he points out that the person to whom the threat was communicated (the husband of defendant's ex-wife) did not testify and he argues that he was convicted on uncorroborated testimony.

OCGA § 16-11-37 (a) provides, in part: "No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." This section requires corroboration if the State offers only the testimony of the party to whom the threat is communicated. It does not require that party to testify and it does not require corroboration of the testimony of a non-party.

In the case sub judice, defendant's younger daughter testified that defendant went to his ex-wife's house with a .22 caliber pistol, called his ex-wife's husband outside to "settle" matters, ejected a round from the pistol and threatened to kill his ex-wife's husband. She also testified that responding to the threat, defendant's ex-wife's husband took out a gun of his own; that the police were called to the scene; and that defendant left the scene with the police. We find this evidence sufficient to support the jury's conclusion that the threat was made with intent to terrorize. See *Boone v. State,* 155 Ga. App. 937, 939 (2) (274 SE2d 49). Corroboration of the younger daughter's testimony was not required because she was not the person to whom the threat was communicated. OCGA § 16-11-37 (a).

Assuming, arguendo, that OCGA § 16-11-37 (a) requires the corroboration of a non-party's testimony, only slight corroborating circumstances would need to be shown. See *Mitchell v. State,* 187 Ga. App. 40, 42 (369 SE2d 487). We find sufficient corroboration of the younger daughter's testimony in the testimony of the older daughter who also testified about the incident in question.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1990.

*Andrew J. Hill, Jr., Floyd W. Keeble, Jr.,* for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCallum, Assistant District Attorney,* for appellee.