A93A0122. SEAVERS v. THE STATE.
(431 SE2d 717)

McMURRAY, Presiding Judge.

Defendant was charged, via indictment, with peeping Tom and terroristic threats and acts. The evidence adduced at a jury trial reveals the following: At about 2:00 in the morning on September 14, 1990, defendant drove by the home of his former girl friend and observed the victim's pickup truck in the driveway. Driven by wounded feelings and rage, defendant went to his former girl friend's bedroom window and broke two window panes. Glass fell on the bed where

defendant's former girl friend and the victim were sleeping and the couple awoke and heard defendant shout, " 'I'm going to kill you, you Son of a B__t__h.' " (Defendant's former girl friend was injured and she later required emergency hospitalization.) Defendant fled and was later apprehended by law enforcement officers. While in police custody, defendant stated, " 'I should have just gone ahead and took [the victim's] head off.' "

Defendant was found not guilty of peeping Tom and guilty of terroristic threats and acts. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant contends there was insufficient evidence to satisfy the corroboration requirement of the terroristic threats statute, OCGA § 16-11-37 (a). This contention is not supported by the record.

Defendant's former girl friend testified that she was awakened during the early morning of September 14, 1990, by "[a] loud crash and [defendant] screaming, 'I'm going to kill you, you Son of a B__t__h.' " This evidence and defendant's admission that he broke his former girl friend's bedroom window sufficiently corroborated the victim's testimony that he heard defendant utter a terroristic threat after being awakened by the sound of breaking glass. See *Boone v. State*, 155 Ga. App. 937 (1) (274 SE2d 49). See also *Ellis v. State*, 176 Ga. App. 384, 386 (3) (336 SE2d 281). The evidence adduced at trial is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of committing terroristic threats and acts. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends the trial court erred in limiting cross-examination of his former girl friend, arguing that evidence of the couple's relationship and of an alleged abortion was relevant to challenge the veracity of the witness' testimony that defendant committed a terroristic threat and act.

"It [is] competent to show that a witness for the State entertained feelings of ill will towards the defendant. Civil Code, § 5289 [OCGA § 24-9-68]." *McDuffie v. State*, 121 Ga. 580, 584 (7) (49 SE 708). However, an investigation of the basis for such feelings of hostility is inadmissible absent a showing that the witness did not harbor ill feelings toward the defendant. *McDuffie v. State*, 121 Ga. 580, 584 (7), supra. In the case sub judice, defense counsel never asked defendant's former girl friend whether she harbored ill feelings toward defendant, thereby failing to establish proper foundation for introduction of particular incidents which may have stirred vengeance in the heart of defendant's former girl friend. The trial court therefore did not err in so limiting cross-examination of the State's witness. See *Borders v. State*, 114 Ga. App. 90, 91 (3) (150 SE2d 306).

3. Defendant contends the trial court erred in denying him opening and concluding arguments to the jury, arguing that he introduced

no evidence other than his own testimony. OCGA § 17-8-71.

" 'Which party is entitled to open and close is oftentimes unclear, based on whether or not any admissible testimony or documentary evidence has been introduced by the accused. It is beyond question in this state that where an accused offers no testimony or evidence into the trial of a case, other than his own testimony, he has the right to the opening and closing arguments.' *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698)." *Warnock v. State*, 195 Ga. App. 537, 539 (2) (394 SE2d 382). In the case sub judice, defense counsel marked a photograph of the alleged crime scene for identification. Defendant identified the photograph, exited the witness stand, displayed the photograph to the jury and highlighted representations in the photograph via direct testimony. However, the photograph was never offered or admitted into evidence, and as a consequence, defendant now argues that he did not forfeit his right to opening and closing arguments by providing evidence outside his own testimony.

In *Park v. State*, 224 Ga. 467, 477 (4) (162 SE2d 359), the Supreme Court of Georgia held that defendant did not forfeit his right to opening and closing arguments by identifying certain documents that were not admitted into evidence or exhibited to the jury. The case sub judice is distinguishable because defendant displayed the photograph of the alleged crime scene to the jury and gave direct testimony regarding representations in the photograph. The jury therefore considered the photograph as any other item of evidence. Consequently, defendant forfeited his right to opening and closing arguments by introducing evidence outside his own testimony. However, assuming the contrary, in view of the overwhelming evidence of defendant's guilt, "we find it highly probable that any error in this regard did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976)." *Baty v. State*, 257 Ga. 371, 373 (2) (359 SE2d 655).

4. In his final enumeration, defendant contends "[t]he trial court violated [his] due process rights by refusing to grant a new trial on the basis of a witness' partial recanting of his trial testimony." This contention is not supported by the record.

At the motion for new trial hearing, the victim did not recant his trial testimony. He testified that "he was not certain of the exact [threat defendant uttered on the night of the crime] word for word, but there was a threat, and I remember the words — the key words." The victim then explained that his trial testimony was substantially accurate and that "to the best of my knowledge, [defendant] said, 'I'm going to kill you, you Son of a B_t_h.' "

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 25, 1993.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney*, for appellee.