A94A1030. MARTIN v. THE STATE.
(448 SE2d 57)

McMURRAY, Presiding Judge.

Defendant entered a plea of guilty under an indictment charging him with possession of cocaine with intent to distribute and conditioned the guilty plea upon reservation of a right to appeal the denial of his motion to suppress.[1] This appeal followed. *Held:*

In his sole enumeration, defendant contends law enforcement officers "exceeded their authority [to conduct a warrantless search of his body] by pulling down his pants and searching his crotch area."

At about 2:00 in the afternoon on September 23, 1992, Officer Ronnie Erwin of the Athens-Clarke County Police Department received a telephone call from a confidential informant who had been giving the officer reliable information for a period of six months. The confidential informant advised Officer Erwin that he heard defendant say that he was in possession of cocaine; that he observed defendant conceal the contraband in his pants and that he was then (while talk-

---

[1] The procedure approved in *Mims v. State,* 201 Ga. App. 277, 279 (410 SE2d 824), for entering a guilty plea while reserving the opportunity to appeal rulings by the trial court which ordinarily would be waived by such a plea was disapproved in *Hooten v. State,* 212 Ga. App. 770 (1) (442 SE2d 836). Guilty pleas entered after July 9, 1994, "in which the accused attempts to condition upon the preservation of the rights to raise non-jurisdictional errors by the trial court will not be considered by this court, and all the usual rules of appellate practice, including the waiver of errors by guilty pleas, will be applied." *Hooten v. State,* 212 Ga. App. 770 (1), 775, supra. We now consider the merits of the case sub judice since defendant's conditional guilty plea was entered before July 9, 1994.

ing to the officer) watching defendant execute an illegal drug transaction. The informant informed Officer Erwin that defendant was at a particular vacant lot and that defendant was "wearing a green Miami T-shirt with brown blue jeans and white Reebok tennis shoes holding a quantity of crack cocaine between his legs and in his pants." About 20 minutes later, Officer Erwin arrived on the scene with other law enforcement officers and observed defendant "wearing exactly what the confidential informant said he was wearing [and] sitting in the vacant lot where [the confidential informant] said [defendant] was sitting." Officer Erwin and two other officers approached defendant and "advised him [that they have] information that he was in possession of crack cocaine. [Defendant] stood up and said, 'You can search me,' . . . pulling his pockets out." One of the other officers "said, 'I want to walk you over here between two cars. We have information that you're holding the drugs in your pants,' at which time [defendant] began to resist, not giving a tremendous amount of physical resistance but saying, 'Oh, man, I don't want you going in my pants.'" The officer then extended defendant's pants and underwear and observed a plastic bag in defendant's "crotch" area. The plastic bag contained about 23 rocks of cocaine.

"A valid search without a warrant may be made incident to a legal arrest or under exigent circumstances when supported by probable cause. *Brewer v. State*, 129 Ga. App. 118, 119 (199 SE2d 109). Probable cause to search may be provided by reasonably contemporaneous information from a reliable confidential informant." *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133). In the case sub judice, informant's reliability was established via Officer Erwin's testimony that the informant had been giving him information in cases (apparently) involving "drug seizure[s]" for three months before the tip which led to defendant's arrest and that every tip given by the informant had proved to be accurate. Further, exigent circumstances existed because of the transient nature of defendant's alleged illegal drug distribution. See *Gilliland v. State*, 139 Ga. App. 399, 400 (1), 401 (228 SE2d 314), disapproved, as to Division 3 only, in *Patterson v. State*, 238 Ga. 204, 207 (232 SE2d 233). "Probable cause existed to search and to arrest, based upon the details and specific information from the personal observations of the known reliable informant. *Register v. State*, 124 Ga. App. 136, 139 (183 SE2d 68), U. S. cert. den. 405 U. S. 919. . . . The specificity provided by the informant, when verified by the observation of the police, provided additional indicia of probable cause. *Draper v. United States*, 358 U. S. 307 [(79 SC 329, 3 LE2d 327)] (1959); *Burns v. State*, 119 Ga. App. 678 (168 SE2d 786)." *Smith v. State*, 135 Ga. App. 424, supra. Consequently, the trial court did not err in denying defendant's motion to suppress.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 9, 1994.

B. Andrew Prince, for appellant.
Harry N. Gordon, District Attorney, Richard C. Dickson, Assistant District Attorney, for appellee.