A98A0190. EPPINGER v. THE STATE.
(500 SE2d 383)

Judge Harold R. Banke.

Preston Eppinger was convicted of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. He enumerates five errors on appeal.

This case arose after a confidential informant and Sergeant Duncan, an undercover member of a special high risk strike force, completed several controlled buys in different locations. At their final destination, the informant entered an apartment while Duncan watched from his car. When the informant returned with cocaine he had purchased, he told Duncan that the seller was expecting his supplier to arrive shortly in one of several makes of cars. The informant returned to the apartment and Eppinger arrived shortly thereafter. The informant then rushed out and told Duncan that the supplier was in the apartment, but would be leaving shortly with a quantity of drugs. Duncan then arranged for back up and a traffic control officer to detain Eppinger. Just prior to stopping Eppinger, the traffic control officer observed him lean over toward the passenger side floorboard. In less than a minute, a strike force member, Officer Frank, arrived at the scene and arrested Eppinger for loitering for the purpose of engaging in drug activity. During a search incident to arrest, Frank discovered $470 and a pager on Eppinger. Because Eppinger's car was stopped on a busy interstate, Frank then conducted an inventory search during which he found two bags containing cocaine and marijuana under the passenger seat and almost a pound of marijuana in the trunk. *Held*:

1. The trial court did not deny Eppinger his right to open and conclude closing argument. See OCGA § 17-8-71. The record shows that Eppinger successfully moved without objection to admit Officer Frank's police report into evidence and then cross-examined Frank on its contents. Clearly, the jury considered the police report as any other item of evidence. *Seavers v. State*, 208 Ga. App. 711, 713 (3) (431 SE2d 717) (1993). With its admission, Eppinger forfeited his right to open and conclude argument to the jury. *Warnock v. State*, 195 Ga. App. 537, 539 (2) (394 SE2d 382) (1990); see *Kennebrew v. State*, 267 Ga. 400, 403-404 (4) (480 SE2d 1) (1996).

2. We reject Eppinger's contention that the State failed to establish a chain of custody over the seized contraband. Officer Frank testified that he packed all the seized items in a big bag, stapled and

taped it shut, initialed it, and delivered it to the property room for Sergeant Pirkle to transport to the State Crime Lab. The crime lab chemist testified that he received the contraband from Pirkle. This evidence clearly satisfied the State's burden of showing "with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." *Quinn v. State*, 209 Ga. App. 480, 482 (3) (433 SE2d 592) (1993). Notwithstanding Eppinger's argument to the contrary, Pirkle's failure to testify did not render the evidence inadmissible in the absence of any indication of tampering or substitution. *Mathis v. State*, 204 Ga. App. 244 (1) (418 SE2d 800) (1992) ("The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible."); accord *Tatum v. State*, 195 Ga. App. 349, 350 (2) (393 SE2d 494) (1990).

3. Eppinger maintains that the dearth of information on the confidential informant's veracity and reliability was fatal to the State's claim of probable cause. We disagree.

Sergeant Duncan testified that the confidential informant had provided information for no less than ten search warrants leading to the discovery of narcotics and prior to that was a reliable source for another detective. He also testified that the informant unexpectedly learned of Eppinger's impending arrival while he was making a controlled buy and mentioned several types of vehicles he might be driving.

This testimony was sufficient to provide the requisite indicia of reliability necessary to establish probable cause. See *Martin v. State*, 214 Ga. App. 388, 389 (448 SE2d 57) (1994). It demonstrated both the basis of the informant's knowledge and informant's veracity and reliability. *Wells v. State*, 212 Ga. App. 60, 63 (2) (441 SE2d 460) (1994). Further, the information adequately predicted future acts and the details of the tip were verified by several officers' personal observations. Id.; *Turner v. State*, 213 Ga. App. 77, 78 (1) (443 SE2d 703) (1994). The fact that probable cause was predicated on the collective knowledge of several officers does not alter our conclusion that the trial court properly rejected Eppinger's motion to suppress. *Burgeson v. State*, 267 Ga. 102, 105 (3) (a) (475 SE2d 580) (1996).

4. The trial court did not clearly err in rejecting Eppinger's *Batson* challenge to Juror 26. *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The State justified its peremptory strike of Juror 26, an African-American male, on the ground that he stated he had a close friend involved in a drug case. See *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996). Eppinger argued that the

juror had indicated he was no longer friends with that individual.[1] Inasmuch as the trial court's decision is entitled to "great deference" and the State's explanation for exercising its strike was not implausible or based on characteristics peculiar to any race, we must affirm the trial court's decision not to reinstate Juror 26. *Ledford v. State*, 207 Ga. App. 705, 706-707 (1) (429 SE2d 124) (1993); see *Turner v. State*, 267 Ga. at 151 (1).

5. Eppinger contends that the trial court committed reversible error by refusing to dismiss a panel in which two *Batson* challenges were upheld. Rather than beginning again with the remaining array, the court reinstated the two jurors and then permitted selection to resume starting with the first reinstated juror.

When *Batson* relegated to the States the methods for eliminating discriminatory peremptory challenges, the Supreme Court "expressed no view" on the propriety of reinstating improperly challenged jurors. *Brown v. State*, 218 Ga. App. 469, 472 (3) (462 SE2d 420) (1995) (quoting *Batson*, 476 U. S. at 99, n. 24). "Consistent with *Batson's* directive to fashion appropriate methods, we have at least implicitly condoned the practice of reinstating improperly challenged jurors. [Cits.]" *Brown*, 218 Ga. App. at 472 (3). In the event that a *Batson* challenge is upheld, and where, as here, the jurors remain unaware of the party who struck them, reinstating improperly challenged jurors does not require reversal.[2] See *Brown*, 218 Ga. App. at 472 (3).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED MARCH 25, 1998.

*Kunle Ogundele, Paul J. McCord*, for appellant.
*J. Tom Morgan, District Attorney, Lawrence Delan, Melissa L. Himes, Assistant District Attorneys*, for appellee.

[1] Voir dire was not reported, but challenges and discussion related to it were.
[2] The jurors were not in the courtroom when the parties selected them.