## A98A2157. DAVIS v. THE STATE.

(510 SE2d 537)

Judge Harold R. Banke.

Ricky Davis was convicted of three counts of possession with intent to distribute cocaine. In his sole enumeration of error, Davis argues that the trial court erroneously deprived him of his right to final closing argument by finding that reading a portion of a witness' statement into the record for cross-examination purposes constituted the introduction of evidence within the meaning of OCGA § 17-8-71.[1]

This case involves three separate incidents. In the first, which occurred in June 1994, traffic officers stopped Davis for weaving, arrested him for driving without a license or valid insurance, and discovered 30 little bags of crack cocaine during an inventory search.

The second offense occurred in September 1994 while police were surveilling an apartment where drug use was suspected. The arresting officer testified that he witnessed Davis and a co-defendant complete several transactions at the apartment, exchanging money for drugs at the door with individuals who delivered them to buyers waiting in their cars. The officer testified that he chased the co-defendant into the apartment and saw Davis sitting on a couch with drugs in his lap counting a large amount of currency. Davis dove through a closed window and the officer opted not to follow him, securing an arrest warrant instead.

The third charge arose while the arresting officer was executing the arrest warrant in January 1995. The officer spotted a car in which Davis was a passenger pulling into Capitol Homes and immediately approached, observing Davis placing a chunk of cocaine between the seat and the door.

During cross-examination of the arresting officer, defense counsel focused on the discrepancies between the officer's written report of the September 1994 incident and his testimony. The officer agreed that the report failed to state that Davis was counting money with drugs in his lap. Counsel then read five sentences from the report and asked, "Isn't that how you wrote that report?"[2] The officer answered in the affirmative.

The State subsequently argued that admission of the five

---

[1] OCGA § 17-8-71 states in pertinent part, "If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the [S]tate is closed."

[2] The five sentences were as follows: "I ran behind him [the co-defendant]. Upon entering the apartment behind Mr. Gregory, Mr. Davis, Ms. Smith, and Ms. Boyce were sitting in the living room of the apartment. Mr. Davis saw me, ran to the back of the apartment and dove out the window. I was unable to apprehend Mr. Davis while arresting Mr. Gregory. I noticed a clear plastic bag with several hits of crack cocaine in it lying on the sofa with a large amount of money with it."

sentences read by defense counsel during cross-examination precluded Davis from opening and concluding the final argument to the jury. While astutely remarking on the law's lack of clarity in this area, the trial court agreed, relying on *Warnock v. State*, 195 Ga. App. 537, 539 (2) (394 SE2d 382) (1990) and *Steele v. State*, 216 Ga. App. 276, 279 (5) (454 SE2d 590) (1995), disapproved, *Kennebrew v. State*, 267 Ga. 400, 404, n. 2 (480 SE2d 1) (1996). *Held*:

"Which party is entitled to open and close is oftentimes unclear, based on whether . . . any admissible testimony or documentary evidence has been introduced by the accused." *Warnock*, 195 Ga. App. at 539 (2). While recent case law offers some direction, this issue remains fact-driven and largely unsettled.

In *Kennebrew v. State*, 267 Ga. at 403 (4), the Supreme Court held that a defendant lost the right to open and close final arguments by playing, for impeachment purposes, the entire tape-recorded statement of a co-indictee. The trial court had forewarned Kennebrew that by playing the tape in its entirety, he would forfeit that right, notwithstanding the fact that the tape was not marked as an exhibit or formally tendered into evidence. The Supreme Court's holding precluded defendants from "presenting evidence to the jury and retaining the right to open and close final arguments simply by failing or refusing to make a formal motion for the introduction of such evidence." Id. at 404 (4). In so holding, the Court specifically disapproved of language in *Steele*, 216 Ga. App. at 279 (5), "suggesting that mere cross-examination of a witness constitutes the 'introduction of evidence' under OCGA § 17-8-71."[3] Id. at 404, n. 2.

In *Whitehead v. State*, 232 Ga. App. 140 (499 SE2d 922) (1998), the defendant was forced to tender into evidence a prior written statement the victim gave to police which contained no mention of guns before cross-examining her regarding her trial testimony that her attackers had guns. This Court reversed, relying in part on OCGA § 24-9-83, which codifies the proper method for impeaching with a prior inconsistent statement. *Whitehead*, 232 Ga. App. at 141 (2). *Whitehead* implicitly found that the use of a prior written inconsistent statement to impeach a prosecution witness did not affect the defendant's right to final closing argument. Id. at 142 (2). See also *Wilson v. State*, 227 Ga. App. 59, 62 (2) (b) (488 SE2d 121) (1997).

While the facts in this case fall somewhere between *Kennebrew* and *Whitehead*, we find the latter's analysis of the application of OCGA § 24-9-82 compelling. To lay the proper foundation for the

---

[3] *Warnock* is distinguishable on its facts. The defendant successfully moved for the admission of the prior inconsistent statement and marked it as an exhibit, then tried to withdraw the motion. *Warnock*, 195 Ga. App. at 538-539 (2). We found that he could not withdraw it under the facts of the case. Id. at 539 (2).

admission of a prior written inconsistent statement under that statute, it must be shown to the witness "or read in his hearing." OCGA § 24-9-83. Unless this foundational requirement is satisfied, such a statement is inadmissible as evidence. *Sosebee v. State*, 169 Ga. App. 370, 371 (3) (312 SE2d 853) (1983). "By its terms, the statute does not require that the prior inconsistent statement be admitted into evidence before it is used for impeachment purposes." *Duckworth v. State*, 268 Ga. 566, 568 (1) (492 SE2d 201) (1997). We conclude that the five sentences Davis' counsel read into the record were not evidence, but simply foundational language as contemplated by OCGA § 24-9-83. Id. The contrary approach ignores well-established precedent on the foundational prerequisites for prior inconsistent statements and creates an unnecessary tension between OCGA § 24-9-83 and OCGA § 17-8-71. *Sosebee*, 169 Ga. App. at 371 (3). Reversal is inappropriate, however, in light of the overwhelming evidence against Davis. *Duckworth*, 268 Ga. at 570 (2); *Scott v. State*, 243 Ga. 233, 235 (2) (253 SE2d 698) (1979); *Seavers v. State*, 208 Ga. App. 711, 713 (3) (431 SE2d 717) (1993).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 12, 1998.

*Megan C. DeVorsey*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.