### 62493. KRESGE et al. v. THOMAS.

BANKE, Judge.

This is an appeal from a judgment for the plaintiff in an action for false imprisonment and malicious prosecution, based upon her detention by the defendants for shoplifting. The defendants contend that certain answers to interrogatories were erroneously admitted in evidence. These answers were provided by co-defendant Childers, a security guard at the store where the detention had occurred. This witness testified in a recorder's court hearing that she had detained the plaintiff with the assistance of another store employee named Mr. Scruggs. However, in her answers to the interrogatories, she indicated that the employee's name was Mrs. Skaggs, and in her testimony at trial she also referred to the person as Mrs. Skaggs rather than Mr. Scruggs. The defendants rested without calling Mrs. Skaggs; and, over objection, the plaintiff was allowed to reopen her case for the purpose of cross-examining her. Mrs. Skaggs testified that she was present as the back-up security guard, whereupon, for some unknown reason, plaintiff's counsel sought to question her concerning co-defendant Childer's interrogatory answers. The trial court sustained defense objections to these questions, but, over objection, admitted the interrogatory answers into evidence and sent them out with the jury. *Held:*

1. "[W]ritten statements such as interrogatories, dying declarations, . . . depositions, etc., should not be unduly emphasized by giving the jury an opportunity to read them one or more times after hearing them read in the courtroom, whereas, oral testimony from the stand is heard only once. See Green. Ga. Law of Evidence, 206-207 § 87.1. Where any such papers are delivered to the jury over timely objections, a new trial is in order." *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599, 601 (275 SE2d 159) (1980).

2. The defendants further urge that reversal is required based on various portions of the closing argument made by counsel for the

plaintiff. Many of these comments, though highly improper because they assumed facts not in evidence or because they expressed counsel's personal opinion, were not objected to and thus provide no basis for appeal. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978). At one point, counsel for the plaintiff told the jury that they could disregard the statute defining probable cause, but after the trial court sustained defense counsel's objection, no further curative action was requested. See *Brown v. State,* 246 Ga. 251 (2) (271 SE2d 163) (1980). However, one persistent course of conduct by counsel for the plaintiff was so aggravated as to require reversal. After advising the jury that "a $150,000 verdict against them . . . isn't anything to K-Mart," counsel for the plaintiff told the jury, "You don't have to worry about destroying [co-defendant Childers] financially. K-Mart's bound to protect her." The defendants moved for a mistrial, and the trial court instructed the jury to disregard the comment. Later, after the concluding argument for the defense, plaintiff's counsel repeated the comment. Defense counsel again objected and moved that the remarks be stricken and that opposing counsel be reprimanded. In response, the trial court merely instructed him "not to comment on that anymore," and then denied a renewal of the motion for mistrial. "Where counsel makes improper remarks of a highly prejudicial nature in his argument to the jury, and opposing counsel moves for a mistrial, the court should either grant such motion or rebuke or reprimand offending counsel in a manner reasonably sufficient to remove the harmful effect of the argument upon the jury." *United Motor &c. Co. v. Hixon,* 76 Ga. App. 653 (1) (47 SE2d 171) (1948); *Ga. Mut. Ins. Co. v. Willis,* 140 Ga. App. 225 (5) (230 SE2d 363) (1976). Although the trial court asked plaintiff's counsel "not to comment on that anymore," he incorrectly implied that the defense counsel had also discussed the issue in his closing argument. "It is the duty of the trial judge to prevent such comments, and he should at least, upon a timely and appropriate request of the party likely to be prejudiced thereby, direct the attention of the jury to the impropriety of the argument and caution them against it. If statements of fact, or comments, unjustified by the evidence, are made by counsel, and it is apparent that the impropriety may be prejudicial to the opposite party, and yet the court takes no action to apply any corrective measure, though requested to do so, a new trial will be granted." *Pelham & Havana R. Co. v. Elliott,* 11 Ga. App. 621 (5) (75 SE 1062) (1912).

3. Defendant's final contention is that the trial court's charge defining malicious prosecution was deficient in its treatment of probable cause. Our reading of the court's charge shows it to be adequate in all respects. This enumeration of error is without merit.

*Judgment reversed. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

Decided October 7, 1981 —
Rehearing denied October 29, 1981 — 

*Charles B. Mikell, Jr., Darlene Y. Ross,* for appellants.
*Alton D. Kitchings,* for appellee.