67307. LOCKHART et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants Sammy Lockhart and Billy Smith were convicted of burglary. They allege in their appeal that the trial court erred in allowing the admission of previous inconsistent statements made by a prosecution witness, and in failing to grant a mistrial when the assistant district attorney made improper remarks to the jury during closing argument. Also, appellants contend that a prosecution witness was intimidated by alleged prosecutorial misconduct.

1. A third participant in the burglary, Dennis Smith, pled guilty and was called by the prosecution to testify against appellants. When asked if the appellants had assisted him in the burglary, Smith

apparently startled the assistant district attorney by answering, "No." At this point, the state, claiming surprise, requested that it be allowed to impeach its own witness. The trial court granted the state's request. We note, parenthetically, that it is no longer necessary to show surprise before a party is allowed to impeach his own witness. *Davis v. State,* 249 Ga. 309 (3) (290 SE2d 273).

The state asked Smith whether he remembered making prior statements to a GBI agent and at the hearing of his guilty plea to the effect that the appellants were in fact participants in the burglary. Smith answered affirmatively and admitted that those statements were lies, but he maintained that he was now telling the truth. The state called to the stand the GBI agent who had taken Smith's statement and asked him to relate the content of Smith's prior assertion. The agent testified that Smith had implicated appellants as co-perpetrators of the burglary. The state was also allowed to play a tape recording of Smith's guilty plea wherein he testified under oath that appellants were involved in the burglary in question.

Appellants claim that since Smith admitted that he had made prior inconsistent statements, direct evidence of the statements was not admissible because impeachment of Smith's testimony was accomplished by his admission. As a result, appellants contend, the statements' admission into evidence would be only cumulative in nature and therefore unduly prejudicial to their case. Appellants base their argument on *Pethel v. Waters,* 220 Ga. 543 (5) (140 SE2d 252), and its progeny. We agree that the court in *Pethel* correctly stated the general rule as it applied at the time the decision was written. However, the Supreme Court in *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717), ruled that evidence of a witness' prior inconsistent statement may now be admissible as *substantive* evidence of the prior statement's truthfulness and not just for the purpose of impeaching the witness. Therefore, even though a witness has admitted to making the prior inconsistent statement, evidence of those statements may still be admitted because the jury can now consider it as substantive evidence. Since impeachment is no longer the sole function of the prior inconsistent statements, their admission into evidence was neither cumulative in nature nor unduly prejudicial to appellants' case. It follows that the trial court correctly admitted the agent's testimony and the tape recording as substantive evidence. See *Dexter v. State,* 166 Ga. App. 226 (303 SE2d 765).

2. Appellants argue that the tape recording of Smith's guilty plea was inadmissible for the additional reasons that it was improperly authenticated and that the transcript of a guilty plea is per se inadmissible. Whatever merit, if any, these arguments may have is irrelevant because appellants failed to assert the above

contentions at trial. " 'A reason why evidence should not be admitted will not be considered on appeal unless the reason was urged below.' [Cits.]" *Downs v. State,* 145 Ga. App. 583 (3) (244 SE2d 109). Therefore, appellants have waived consideration of these arguments on appeal.

3. Appellants' next enumeration of error involves a statement made by the assistant district attorney during his closing argument, which statement is as follows: "Ladies and Gentlemen, this is just one step in the criminal justice system, this trial today. This burglary took place back in November. The case has been worked on since December. It was worked on right away, but we've been pursuing this case. We knew who did it back in December, and we were chasing them down . . ." At this point, counsel for appellants objected and moved for a mistrial on the ground that the assistant district attorney had expressed a personal opinion as to the guilt of appellants. The trial judge then conducted a bench conference in which he thoroughly rebuked state's counsel for making the remarks in question and thereafter denied appellant's motion for a mistrial. While we believe the better course of action would have been to rebuke counsel in a manner audible to the jury, the prosecution's remarks were not of such a character as would have adversely affected appellant's substantive rights. OCGA § 9-11-61 (Code Ann. § 81A-161). Furthermore, "[t]he evidence of appellant's guilt in this case is overwhelming, since the chief prosecution witness was an [admitted accomplice]. Hence, we conclude that it is highly probable that the error did not contribute to the verdict." *Jones v. State,* 159 Ga. App. 704, 705 (285 SE2d 45).

4. Finally, appellants allege that the trial court erroneously denied their motion for a directed verdict of acquittal. Immediately after Dennis Smith's testimony, but out of the view of the jury, Smith was arrested and charged with perjury. Appellants claim that that action intimidated the witness and effectively prevented him from further testifying freely and fully. We disagree. Smith had admitted that he had lied under oath; therefore, an arrest for perjury was appropriate under those circumstances. As to the allegation of intimidation, we note that Smith's later testimony reflected little or no variance from the testimony he gave before he was arrested. Accordingly, we can find no evidence that Smith's arrest for perjury adversely affected appellants' case. The trial court did not err in denying appellants' motion for a directed verdict of acquittal.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 6, 1984 —
REHEARING DENIED FEBRUARY 23, 1984 —

*John W. Sheffield III, Randolph B. Jones, Jr.,* for appellants.
*John R. Parks, District Attorney, R. Rucker Smith, Assistant District Attorney,* for appellee.