72230. WALDRUP v. BAKER.
(348 SE2d 566)

BENHAM, Judge.
Appellant Waldrup filed suit against appellee Baker to recover

damages Waldrup allegedly suffered when her car collided with an automobile driven by Baker. After the jury returned a verdict in favor of Baker, appellant brought this appeal, citing an evidentiary issue as reversible error.

1. At trial appellant testified she was suffering from pain in her neck, shoulders, and mid-back. She admitted that two to three years prior to the collision she had been treated by a chiropractor for muscle tension and that five years before the collision she had been hospitalized due to headaches. She stated that prior to the collision she had not experienced any problem with her neck, back, or any part of her body other than the muscle tension and headaches mentioned earlier. Over appellant's objection, the trial court admitted two documents, confidential patient histories appellant had completed before beginning treatment by two different chiropractors. In the earlier document, completed twelve days after the collision, appellant sought relief from hip, neck, and shoulder pain, a condition which she stated first appeared in 1979. In the second form, filled out by appellant five and one-half months after the collision, she complained of neck, shoulder, and lower back pain which, she said, had its inception with the collision and which she had not suffered previously.

The first document was admissible to impeach appellant's testimony that she had suffered only muscle tension and headaches prior to the collision. In addition, both that inconsistent form and the later document which connected her maladies with the collision were admissible as prior out-of-court statements of a witness whose veracity was at issue and who was present at trial, under oath and subject to cross-examination. *Edwards v. State*, 255 Ga. 149 (2) (335 SE2d 869) (1985); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985); *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). See also *Cooperwood v. Auld*, 175 Ga. App. 694 (334 SE2d 22) (1985). Even though a witness admits making the prior inconsistent statement, evidence of that statement is admissible because the jury may now consider the inconsistent statement as substantive evidence. Since impeachment is no longer the sole function of the prior inconsistent statement, its admission into evidence is neither cumulative nor unduly prejudicial. *Lockhart v. State*, 169 Ga. App. 931 (1) (315 SE2d 455) (1984). Similarly, prior consistent statements are now admissible as substantive evidence. *Edwards v. State*, supra; *Cuzzort v. State*, supra. In this trial where appellant's theory of recovery was dependent upon proving the collision with appellee was the proximate cause of her maladies, appellant's prior statements, both consistent and inconsistent, were substantive evidence and admissible as such.

2. Appellant contends reversible error was committed when the trial court, over appellant's objection, permitted the two documents at issue to go to the jury room while the jury deliberated.

Under the Supreme Court's rulings in *Gibbons,* supra, and *Cuzzort,* supra, appellant's prior statements were admissible as substantive evidence. "The proscription on the jury's possession of 'written testimony' does not extend to documents which are themselves relevant and admissible as original documentary evidence in a case. [Cit.]" *Munda v. State,* 172 Ga. App. 857 (2) (324 SE2d 799) (1984). See also *Vinyard v. State,* 177 Ga. App. 188 (338 SE2d 766) (1985). Therefore, the trial court did not err in permitting the documents to be taken into the jury room.

*Judgment affirmed. Deen, P. J., Birdsong, P. J., Carley and Sognier, JJ., concur. Banke, C. J., McMurray, P. J., Pope and Beasley, JJ., dissent.*

POPE, Judge, dissenting.

For the reasons set forth in the dissent in *Vinyard v. State,* 177 Ga. App. 188, 191 (338 SE2d 766) (1985), I believe the trial court committed reversible error by allowing the two documents at issue to go to the jury room during deliberation. Therefore, I respectfully dissent.

BEASLEY, Judge, dissenting.

I do not believe the two documents were admissible as evidence themselves, in the circumstances here.

The first document was the "Confidential Patient Case History" sheet which plaintiff had filled out when she first went to chiropractor Dr. Barnett in March 1982, some five months after the collision. Dr. Barnett used it to refresh his recollection while testifying on direct examination about her coming to him. He was asked, "Tell us what history she gave you?" and he related quite precisely what was on the sheet. Then on cross-examination he testified further and accurately as to what information was on the sheet. Thus, the history which plaintiff gave to Dr. Barnett in writing was related to the jury by way of the doctor's testimony; the writing was not inconsistent with it, it just repeated it. Nor did plaintiff ever deny that this was what she gave Dr. Barnett. Consequently, the contents of the document were not at issue; they were recited and admitted by the witnesses, who did not deny the contents, and the jury had the contents by way of oral testimony. The document itself would not then be admissible, for it served only the purpose of allowing the jury to give heightened regard to this testimony as compared to that testimony which the jury did not have in writing. Its admission was reversible error. As said in *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599, 601 (275 SE2d 159) (1980), "the jury heard the testimony from the witness stand but same should not be unduly emphasized by giving the jury an opportunity to read them one or more times after hearing them read in the

courtroom, whereas oral testimony from the stand is heard only once."

The second document was the "Confidential Case History Questionnaire" which plaintiff completed when she first went to see Dr. Luell in late October, a short time after the collision. When she was cross-examined about it, she admitted that some of the answers she gave were wrong, and she explained other of her answers. Thus, the document was not inconsistent with her testimony about it, although it was arguable that it was somewhat inconsistent with her direct testimony with respect to prior injury and type and location thereof. Thus there was no call or cause to unduly emphasize this written history, adopted by the witness on cross-examination, by submitting it in writing to the jury thereafter for its deliberations. *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917) (1982).

The case of *Vinyard v. State*, 177 Ga. App. 188 (338 SE2d 766) (1985) is distinguishable because there the letter itself was arguably inconsistent with the witness' testimony at trial. It was offered as proof that defendant was involved in the crime rather than a stranger to it, as the witness-writer sought to establish. It was evidence that the witness' trial testimony was false, but its implications were ambiguous. Therefore, its contents and style and form became critical to the question of the truthfulness of the witness' brother's trial testimony. It was substantively relevant evidence of the credibility of the witness.

*Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), relied upon by appellant as controlling, is not. That case involved the witness' statements to police officers, implicating the defendant in a murder. The witness refused in testimony to repeat this revelation or testify in any manner consistent with what he had told the officers. The officers were then permitted to relate to the jury what the witness had earlier said. It was this prior inconsistent statement which was deemed admissible by the Supreme Court, not only to impeach the witness' nonimplicating testimony but also as substantive evidence that the defendant was responsible for the murder. The prior statements were not in writing, were not admitted in evidence as writings, and thus the case did not address the issue attracting our attention here.

The cases cited by the majority consider the admissibility of prior inconsistent and prior consistent statements of a witness. The rationale is that they were substantive evidence. But of what? Evidence of what the plaintiff had told the doctors concerning her medical history on her initial visits to them. That evidence was related to the jury orally, by Dr. Barnett and by plaintiff, and thus the sheets were nothing more than cumulative and repetitive. Appellant is not here challenging the admissibility of evidence concerning what she told the two doctors in the history sheets, but only urges that the

sheets themselves were erroneously admitted. In that, I believe, she is and was correct, and a new trial would be required. *Kresge v. Thomas,* 160 Ga. App. 219 (1) (286 SE2d 473) (1981); *Johnson v. State,* 244 Ga. 295, 296 (3) (260 SE2d 23) (1979).

I am authorized to state that Chief Judge Banke and Presiding Judge McMurray join in this dissent.

DECIDED JULY 16, 1986 —
REHEARING DENIED JULY 31, 1986 ▮▮▮▮▮▮▮

*Ralph E. Hughes,* for appellant.
*Frank E. Jenkins III, Ruth Zaleon,* for appellee.