S97G0197. DUCKWORTH v. THE STATE.
(492 SE2d 201)

FLETCHER, Presiding Justice.

Steven Ray Duckworth was convicted of driving under the influ-

ence and other traffic-related offenses. In affirming, the Court of Appeals stated that a witness cannot be impeached by a prior inconsistent statement without laying the required foundation and placing the statement into evidence.[1] We granted certiorari to determine whether a written document that contains a prior inconsistent statement must be introduced into evidence before it can be used to impeach a witness during cross-examination. Although the Court of Appeals incorrectly concluded that the written statement had to be introduced into evidence, we agree that the trial court did not commit reversible error in its evidentiary rulings and affirm.

The evidence at trial shows that deputy John Daniel, the arresting officer, saw a white car run a stop sign and travel through an intersection at a high rate of speed. The car stopped and Steven Duckworth got out from the driver's side. Daniel smelled alcohol on Duckworth's breath and person and observed that he staggered as he walked and his eyes were glassy and bloodshot. Daniel asked Duckworth for a driver's license and proof of insurance, but Duckworth said he did not have any. Daniel placed Duckworth under arrest and attempted to place handcuffs on him, but Duckworth spun around, slammed the deputy against the hood of the car, and began hitting him. Duckworth's brother pulled Steven off Daniel and Daniel hit Steven twice on the head with a flashlight. Additional deputies arrived and placed Duckworth in a patrol car where he yelled and banged his head against the car door window. He was taken to the hospital, but refused treatment for his head wound. The jury found Duckworth guilty of misdemeanor obstruction of an officer, driving under the influence, failing to stop at a stop sign, and driving without a license. On appeal, the Court of Appeals held that the trial court did not abuse its discretion in limiting cross-examination of the state's primary witness.

1. A defendant has the right to a thorough and sifting cross-examination of the witnesses called against him, but the trial court has discretion to limit the scope of cross-examination.[2] In impeaching a witness with a prior inconsistent statement, the cross-examiner must meet three requirements. First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness.[3] The purpose of the foundation requirement is to give the witness an opportunity to admit, explain, or deny the prior contradictory

---

[1] *Duckworth v. State*, 223 Ga. App. 250 (477 SE2d 336) (1996).

[2] *Givens v. State*, 264 Ga. 522, 523 (448 SE2d 687) (1994).

[3] Paul S. Milich, Georgia Rules of Evidence, § 14.3 at 189 (1995).

statement.[4]

To lay this foundation, OCGA § 24-9-83 provides that written contradictory statements shall be shown to the witness or read in his hearing.[5]

> Before contradictory statements may be proved against him . . . , the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. If the contradictory statements are in writing and in existence, they shall be shown to him or read in his hearing.

This statute codifies the common law rule that the cross-examiner must first exhibit a writing to the witness before asking any questions about it.[6] By its terms, the statute does not require that the prior inconsistent statement be admitted into evidence before it is used for impeachment purposes.

Nor does the case law mandate the introduction of the prior written statement into evidence before questioning the witness. Under the traditional rule in Georgia, the use of prior inconsistent statements was generally limited to impeachment. Under that rule, the prior inconsistent statement was admissible if the witness denied making it, but was properly excluded from evidence if the witness admitted making it.[7] The rationale for exclusion was that the witness was impeached when he or she admitted making the prior contradictory statement.

In *Gibbons v. State*,[8] this Court rejected the traditional rule and held that prior inconsistent statements are admissible as substantive evidence when the witness is present at trial and subject to cross-examination.[9] That decision changed the rule concerning the admissibility of prior inconsistent statements that the witness admits making. Whether the witness admits or denies making the prior inconsistent statement in writing, the written statement may be admissible

---

[4] See id. at 191.

[5] *Satterfield v. State*, 256 Ga. 593, 599 (351 SE2d 625) (1987).

[6] See Edward W. Cleary, McCormick on Evidence, § 28 at 61-62 (3d ed. 1984).

[7] See *Dickey v. State*, 240 Ga. 634, 639 (242 SE2d 55) (1978) (trial court did not err in excluding taped interview when witness admitted at trial that he made the prior inconsistent statement).

[8] 248 Ga. 858, 862 (286 SE2d 717) (1982).

[9] See *Gardiner v. State*, 252 Ga. 422, 424-425 (314 SE2d 202) (1984) (holding no error when prior inconsistent statement of witness was read to jury since it was admissible as substantive evidence under *Gibbons*); see also *Barksdale v. State*, 265 Ga. 9, 11 (453 SE2d 2) (1995) (holding videotaped statement was not admissible as a prior inconsistent statement when witness "gave no testimony in court with which the prior statement could be judged to be inconsistent").

"because the jury may now consider the inconsistent statement as substantive evidence."[10] We disapprove of the language in our cases that prior inconsistent statements are not admissible solely because the witness admits that he or she made the pre-trial statement.[11]

This change in the admissibility of prior inconsistent statements does not mean that the cross-examiner must now offer the prior written statement into evidence before impeaching the witness. Since the purpose behind laying a foundation for impeachment is met by showing or reading the prior written statement to the witness before asking questions about it, we decline to adopt the more stringent foundation requirement cited by the Court of Appeals in Division 2.

2. Although the Court of Appeals based its decision on the defendant's failure to introduce the investigating officer's incident report into evidence, the trial court did not make a similar ruling. Instead, the trial court prohibited Duckworth from reading part of the deputy's report that was inconsistent with his in-court testimony. Duckworth complains that this ruling denied him the right to a thorough cross-examination of the state's main witness.

In *Worthy v. State*,[12] this Court considered whether the trial court erred in refusing to allow the defendant to read into the record a prior inconsistent statement by a witness. We held that the admissibility of prior inconsistent statements as substantive evidence under *Gibbons* was not limited to use by the state and that the trial court erred in refusing to admit into evidence the witness's first statement to police. We concluded, however, that the error was harmless in light of the defendant's confession, the witness's testimony, and other testimony at trial.[13]

Similarly, we conclude here that the trial court should have allowed Duckworth to read into evidence Daniel's prior written statement, but that this error was harmless. The inconsistent statement involved an omission in the deputy's incident report that concerned a collateral issue related to the least serious charge of driving without a license. Moreover, Duckworth's defense counsel vigorously cross-examined Daniel about the inconsistencies between his incident report and his in-court testimony and thus, as in *Worthy*, the incon-

---

[10] *Waldrup v. Baker*, 180 Ga. App. 121, 122 (348 SE2d 566) (1986).

[11] See *Friedman v. Friedman*, 259 Ga. 530, 533 (384 SE2d 641) (1989) (document properly excluded as demonstrative evidence where witness admits that she testified as shown by the transcripts of prior depositions and prior hearing); *Gross v. State*, 259 Ga. 627, 628-629 (385 SE2d 674) (1989) (tape-recorded statement properly admitted into evidence when witness did not fully admit to making all of the statements on the tape).

[12] 253 Ga. 661, 665 (324 SE2d 431) (1985).

[13] See also *Givens*, 264 Ga. at 524 (although declining to determine whether evidentiary ruling was reversible error, holding trial court should have allowed defense counsel to play a videotape of attempted drug purchase during cross-examination of police officer who witnessed transaction and made tape).

sistencies were known to the jury even though the report "was not read verbatim into the record."[14] After reviewing the evidence, we conclude that the trial court's error did not contribute to the verdict and, therefore, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*James N. Finkelstein,* for appellant.
*C. Paul Bowden, District Attorney, Nancy G. R. Brimberry, Assistant District Attorney, Thurbert E. Baker, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.