A00A0095. BARONE v. LAW et al.
(527 SE2d 898)

ELDRIDGE, Judge.

Defendant-appellant Margaret Barone appeals from the Cherokee County State Court's entry of judgment from a jury verdict against her in this personal injury case. We reverse the trial court's judgment because we find that the trial court wrongfully excluded admissible, material evidence of causation and impeachment on the basis that it was hearsay.

Plaintiff-appellee Denise Law sued Barone after Barone's car collided with Law's in October 1995. Law claimed that Barone's neg-

ligence caused the collision and that the collision caused her to suffer from back, neck, and leg pain. During her deposition and again at trial, Law denied that she suffered from back, neck, or leg pain prior to October 1995.

On cross-examination, Barone attempted to impeach Law's testimony by introducing certified copies of Law's medical records. Some of the records showed statements by Law to physicians during her treatment for pain between October 1995 and December 1998. Another record was a copy of a medical history that apparently was completed by Law, herself, prior to treatment. All of the records were redacted prior to trial to remove any medical opinions, conclusions, diagnoses, or prognoses by the treating physicians or others. The medical records showed that she had suffered from back, neck, and leg pain or injuries prior to October 1995, including a "severe crick" in her neck one month prior to the collision. According to one record, Law reported that she had suffered from low back pain for over thirteen years. The records also showed that Law reported that she had suffered additional, unrelated injuries to her back and neck in the years following the collision, including injuries from lifting heavy weights.

The trial court, however, excluded the medical records on the basis that they were inadmissible hearsay. After the medical records were excluded, Law again denied on cross-examination that she had experienced back, neck, or leg pain prior to October 1995 or that she had injured herself subsequent thereto. The jury found in favor of Law and awarded her $112,500 in damages. Barone timely appealed.
*Held*:

Barone challenges the trial court's exclusion of the redacted medical records, asserting that she should have been allowed to use the certified records to impeach Law's testimony and to admit the records as substantive evidence for the jury to consider. In excluding such evidence, the trial court found that all of the medical records were completed by someone besides Law, presumably a physician or other medical provider. As such, it ruled that all such records were hearsay and that only prior statements actually written by Law were admissible.

We find, however, that the redacted medical records were admissible for several reasons. The trial court's decision to exclude the medical records as hearsay was plain error of law, because the statements in the medical records were not hearsay; the medical records containing the statements were redacted to remove any medical opinions; and the records had a proper foundation for admission.

1. The trial court ruled that the medical records showing the inconsistent statements were inadmissible hearsay because it appeared that someone besides Law actually wrote down her state-

ments. The trial court held that *Waldrup v. Baker*, 180 Ga. App. 121, 122 (1) (348 SE2d 566) (1986), did not allow the records to be admitted. However, in *Waldrup*, this Court upheld admission of patient medical history forms that were completed by the patient/witness that the defendant in that case sought to impeach. As such, *Waldrup* specifically authorized the admission of any of the medical records in this case that were, in fact, completed by Law. *Waldrup* did not decide the issue of admissibility of the other medical records in this case, i.e., those in which medical personnel allegedly recorded Law's statements.

The trial court in this case also cited *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 411-412 (343 SE2d 424) (1986), as authority for excluding the medical records. However, the court in *Stoneridge Properties* excluded medical records because they were not redacted, contained medical opinions of nonwitness medical providers, and had no foundation. Id. Notably, none of these factors were present in this case.

On appeal, this Court upheld the exclusion of the records in *Stoneridge Properties* because they had not been redacted to remove the opinion evidence but specifically held that "medical history statements given by a patient to a doctor are generally admissible" under OCGA § 24-3-4. Id. at 412. See also *Southern R. Co. v. Lawson*, 256 Ga. 798, 801-802 (353 SE2d 491) (1987); *In the Interest of C. W. D.*, 232 Ga. App. 200, 209 (4) (501 SE2d 232) (1998); *Central of Ga. R. Co. v. Carter*, 212 Ga. App. 528, 531 (5) (442 SE2d 269) (1994); *Davis v. State*, 168 Ga. App. 272, 274 (308 SE2d 602) (1983); *Dunn v. McIntyre*, 146 Ga. App. 362, 363 (2) (246 SE2d 398) (1978). OCGA § 24-3-4 reads as follows:

> [s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence.

This hearsay exception is based upon the inherent trustworthiness of medical information given by a patient to a medical provider, in view of the patient's strong motivation to be truthful during diagnosis and treatment. *Dunn v. McIntyre*, supra at 364.

Therefore, Law's alleged statements made to her medical providers regarding her medical history during her diagnosis and treatment were not inadmissible hearsay.[1]

---

[1] Notably, it was not necessary for the custodian of the records or the medical provider

2. Since Law specifically denied any prior back, neck, or leg pain at trial, Law's medical records showing otherwise were admissible under OCGA § 24-9-82, which provides that a "witness may be impeached by disproving the facts testified to by him." The trial court erred in excluding Law's redacted medical records. Because such evidence was wrongly excluded and is relevant to an essential element of Law's claim, i.e., causation, such exclusion requires that this Court reverse the trial court's judgment and remand the case for a new trial that is consistent with this opinion.

3. In addition to their admissibility as impeachment evidence under OCGA § 24-9-82, the records also may have been admissible under OCGA § 24-9-83, which states that a "witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." See also *Gee v. State*, 210 Ga. App. 60 (435 SE2d 275) (1993). Prior contradictory statements may also be used as substantive evidence when the witness is present at trial and subject to cross-examination. *Duckworth v. State*, 268 Ga. 566, 568 (492 SE2d 201) (1997); *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982); see also *Waldrup v. Baker*, supra.

However, in order for statements in medical records to be utilized as a prior inconsistent statement against a witness when the medical provider who recorded the witness' statements in the medical record is not present at trial, the trial court must be able to reasonably infer from the face of the records that the witness was the actual source of the statements at issue if the witness denies having made the statement.[2] For example, such an inference may be made when the witness' medical records (a) are written in the "first person," as in a patient's medical history;[3] (b) specifically quote the witness as having made the statement; or (c) clearly indicate on the face of the records that the only source of the medical history was the witness, as when the information reveals something only the witness would know and which could not come from a third party. See *Dunn v. McIntyre*, supra at 363 (2). However, to the extent that the medical

---

who actually recorded Law's alleged statements to provide a foundation for admissibility of such records at trial. Certified medical records "need not be identified at the trial and may be used in any manner in which records identified at the trial by the custodian could be used." OCGA § 24-7-8 (b). See also OCGA § 24-3-14 (b); *Wilson v. Childers*, 174 Ga. App. 179, 181 (4) (329 SE2d 503) (1985).

[2] This is in addition to the foundational requirements outlined in OCGA § 24-9-83, which requires, inter alia, that written contradictory statements be shown or read to the witness before they are used to impeach him, so that the witness will have an opportunity to correct or explain the statements. See *Carter v. State*, 244 Ga. 803, 806 (2) (262 SE2d 109) (1979); *Aldridge v. State*, 237 Ga. App. 209, 216 (515 SE2d 397) (1999); *Davis v. State*, 235 Ga. App. 256, 257-258 (510 SE2d 537) (1998).

[3] See, e.g., *Waldrup v. Baker*, supra.

records are unclear as to the source of the statements contained therein, such statements may be utilized only as a witness' prior inconsistent statements if additional foundation testimony is presented on remand to establish that the witness was, in fact, the declarant of such statements.

In this case, if Barone is able to demonstrate that Law, in fact, was the source of the statements in her medical records, so that the statements constitute prior inconsistent statements, the medical records would be admissible to attack Law's credibility as prior inconsistent statements under OCGA § 24-9-83, as well as under OCGA § 24-9-82. See Division 2, supra.

*Judgment reversed and remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 13, 2000 —
RECONSIDERATION DENIED JANUARY 28, 2000.

*Sharon W. Ware & Associates, Mark E. Silvey,* for appellant.
*The Robertson Law Firm, Mathew G. Nasrallah, Larry Hanna, Charles W. Chesbro,* for appellees.