## S00A0972. WYNN v. THE STATE.

(535 SE2d 758)

BENHAM, Chief Justice.

Appellant Harold Wynn, Jr. was convicted of malice murder and aggravated assault in connection with the shootings of Thomasina Adama and Barbara Barnes.[1] On the day of the crimes, Wynn picked up the two women at Adama's home and went to a store where he bought beer for them all. On the way back, Wynn accused Adama, with whom he had a sexual relationship which she was trying to end, of having a sexual relationship with Barnes. He then became angry when the women laughed at him because he wanted a beer and they had consumed it all. As Adama opened the door of her home, Wynn shot them both. He stood over Adama as she begged for assistance, taunted her for laughing at him, and shot her again. Adama died and Barnes, who had crawled to a neighbor's home for assistance, was hospitalized with gunshot wounds.

1. In his first enumeration of error, Wynn contends there was insufficient evidence to authorize the factfinder to find Wynn guilty of murder because the state did not prove the essential elements of the crime beyond a reasonable doubt. Specifically, Wynn argues there was no evidence he killed Adama with malice aforethought, noting that the parties had not previously held animosity toward each other and were not arguing at the time of the crime.

However, there is no requirement that there be "premeditation" or a "preconceived" intention to kill; malice aforethought can be formed instantly. *Wright v. State*, 255 Ga. 109, 113 (6) (335 SE2d 857) (1985). The record shows that Wynn was angry that the women drank all of his beer. There also was evidence presented that suggested that appellant was upset because he believed the two women had a sexual relationship. Consequently, this evidence was sufficient to authorize the trier of fact to find that he killed Adama with malice aforethought and to find him guilty beyond a reasonable doubt of murder, as well as aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Wynn also requests that this Court change the long-standing

---

[1] Wynn was indicted for malice murder, felony murder, and two counts of aggravated assault. Wynn contested his competence to stand trial. Appellant was found competent to stand trial at a hearing before Judge Constance Russell on March 9, 1999. At a bench trial before Judge Bensonetta Tipton Lane, the trial court found Wynn guilty of all charges. On April 30, 1999, Wynn was sentenced to life for the malice murder conviction and was given a concurrent twenty-year sentence for one of the aggravated assault convictions. The other aggravated assault conviction was merged with the felony murder conviction, which was vacated as a matter of law. Wynn filed a motion for new trial on May 28, 1999, which was denied on December 22, 1999. He timely filed a notice of appeal to this Court on January 19, 2000, and the appeal was docketed in this Court on May 3, 2000.

rule that "words alone, regardless of the degree of their insulting nature, will (not) in any case justify the excitement of passion so as to reduce the crime from murder to manslaughter, where the killing is done solely on account of the indignation aroused by use of opprobrious words." *Pace v. State*, 258 Ga. 225 (2) (367 SE2d 827) (1988). We decline the opportunity to modify that rule.

2. Wynn contends the trial court erred in refusing to allow him to impeach a witness before the witness's statement was placed into evidence. The state's witness was asked whether she told police Wynn had been acting strange on the night Adama was killed. After denying the statement, the witness was told to read a highlighted portion of the statement she gave to police. When asked if the document was accurate, the witness stated she could not recall what she said to police regarding Wynn's demeanor that night. Defense counsel then asked the witness to read the statement, prompting an objection from the state sustained by the trial court. Wynn argues it was error for the trial court to limit his cross-examination because it related to his sole defense that he was not guilty by reason of insanity.

In *Duckworth v. State*, 268 Ga. 566 (492 SE2d 201) (1997), this Court stated the requirements for impeaching a witness with a prior inconsistent statement. "First, the prior statement must contradict or be inconsistent with the witness's in-court testimony; second, the prior statement must be relevant to the case; and, third, the examining attorney must lay the proper foundation with the witness." Id. at 567. Applying this standard, it was not error for the trial court to limit Wynn's cross-examination of the witness because the second requirement was not met. The record reflects that Wynn had abandoned his insanity defense at trial and was pursuing a voluntary manslaughter theory. Thus, the testimony Wynn wished to elicit from the state's witness regarding his demeanor on the night of the killing was irrelevant to the issues to be considered by the trier of fact as required by the second prong of the *Duckworth* test.

For the reasons stated above, we affirm the ruling of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 10, 2000.

*Culp & Smith, John C. Culp*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attor-*

*ney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General, for appellee.*