**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 21, 2022**

# In the Court of Appeals of Georgia

A21A1812. CAMPBELL v. THE STATE.

REESE, Judge.

A jury found David Campbell guilty of incest, rape, aggravated child molestation, child molestation, and reckless conduct.[1] On appeal, Campbell argues that the trial court abused its discretion in denying his request to redact portions of a video deposition and in excluding impeachment evidence regarding the victim's claims about her purported YouTube channel. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the verdict,[2] the record shows the following. In June 2017, Campbell's then 14-year-old daughter, S. M. C., told Dana

---

[1] See OCGA §§ 16-6-22 (a); 16-6-1 (a); 16-6-4 (c); 16-6-4 (a); 16-5-60 (b).

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Wilson — the wife of the pastor at S. M. C.'s church — that Campbell had abused S. M. C. and forced her to perform sexual acts with him. S. M. C. told Wilson that Campbell wanted her for three things: "[c]ooking, cleaning, and sex." S. M. C. testified at trial that Campbell had forced her to engage in sexual intercourse, oral sex, and other sexual acts starting from when she was 12 years old. Wilson informed law enforcement, and S. M. C. made the same disclosure to others, including a forensic interviewer, a sexual assault nurse examiner, and sheriff's department investigator Charles Griffin, all of whom testified at trial.

After Campbell's conviction, the trial court denied his motion for new trial, and this appeal followed.

The admission of evidence lies within the sound discretion of the trial court, and we will not disturb the trial court's decision on appeal absent a clear abuse of discretion.[3] With this guiding principle in mind, we now turn to Campbell's claims of error.

1. Campbell argues that the trial court erred in rejecting his request to redact the portions of a video deposition regarding whether S. M. C. was malingering and

---

[3] See *Corley v. State*, 308 Ga. 321, 324-325 (3) (840 SE2d 391) (2020).

lying during the clinical tests, because the opinion went to the issue of S. M. C.'s truthfulness and constituted improper bolstering.

During the State's investigation of the case, Dr. Destin Stewart, a licensed psychologist, conducted a psychological investigation of S. M. C. in order to establish information regarding her mental health and general functioning. Dr. Stewart testified via a video-recorded sworn deposition at trial about her findings from the evaluation. Prior to playing the video, Campbell objected to the following exchange because he contended that it went to the credibility of S. M. C.'s allegations:

> DR. STEWART: [in discussing how a child might endorse several symptoms as a "cry for help"] It's not what we would consider malingering, by any means, because if it was malingering meaning lying or trying to make themselves appear much worse than they are. Because in that case the results would have been invalid and the tests will tell you that.
> . . .
> THE STATE: Malingering, it now is a clinical term, it basically means lying, over-exaggerating something. And you did not see any symptoms of malingering in the assessments with [S. M. C.]?
> DR. STEWART: No, I did not.
> THE STATE: Okay.
> . . .
> THE STATE: You didn't see any signs or symptoms of malingering in [the Millon Adolescent Clinical Inventory test], did you?

DR. STEWART: No.

THE STATE: Or any of the particular tests, quite frankly?

DR. STEWART: No.

The trial court overruled the objection that followed and allowed the jury to consider this exchange.

The credibility of a witness is an issue for the trier of fact.[4] "Thus, a witness's credibility is exclusively a matter for the jury, and in no circumstance may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth."[5] However, "expert opinion testimony that bolsters the credibility of the indicted allegations of sexual abuse is not inadmissible on the ground that it indirectly reflects positively on the victim's credibility."[6]

> [T]here is a world of legal difference between expert testimony that "in my opinion, the victim's psychological exam was consistent with sexual abuse," and expert testimony that "in my opinion, the victim was sexually abused." In the first situation, the expert leaves the ultimate issue/conclusion for the jury to decide; in the second, the weight of the expert is put behind a factual conclusion which invades the province of

[4] OCGA § 24-6-620.

[5] *DiPietro v. State*, 356 Ga. App. 539, 544 (2) (a) (848 SE2d 153) (2020).

[6] Id.

the jury by providing a direct answer to the ultimate issue: was the victim sexually abused?[7]

Consistent with these principles, we have upheld expert testimony that the victim showed no signs of coaching,[8] no "red flags indicating deception or fabrication during the forensic interview,"[9] and no "particular actions or statements that indicated deception[.]"[10] By contrast, we have rejected as inadmissible expert testimony where the expert testified that his evaluation "strongly suggest[ed] that [the victim] had been sexually abused as alleged."[11]

In this case, the expert testified that she saw no signs of malingering during the psychological assessment. This testimony did not "opine on the ultimate issue" of whether Campbell had sexually abused S. M. C., but was instead testimony that the expert saw no signs "indicating deception or fabrication during the . . . interview,

---

[7] *Ward v. State*, 353 Ga. App. 1, 6 (2) (a) (836 SE2d 148) (2019) (citation and punctuation omitted).

[8] See id. at 7 (2) (b).

[9] *DiPietro*, 356 Ga. App. at 545 (2) (a).

[10] *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006).

[11] *Pointer v. State*, 299 Ga. App. 249, 251 (682 SE2d 362) (2009) (punctuation omitted).

5

thereby leaving the issue of the victim's credibility in the exclusive province of the jury."[12] "The jury was permitted to draw for itself the final conclusion as to whether [S. M. C.] had, in fact, been sexually abused."[13] Accordingly, the trial court did not abuse its discretion in admitting this testimony.

2. Campbell argues that the trial court erred in excluding impeachment testimony about claims S. M. C. made about her purported YouTube channel.

During cross-examination, the following exchange occurred:

DEFENSE COUNSEL: You will go on YouTube a lot; is that right?
S. M. C.: Yes, sir.
DEFENSE COUNSEL: And you would post videos [under a YouTube username]?
S. M. C.: Yes, I did.
DEFENSE COUNSEL: A lot of those?
S. M. C.: Not really.
DEFENSE COUNSEL: Do you remember telling Investigator Griffin you had thousands of followers online?
S. M. C.: I do. Well, I did.
DEFENSE COUNSEL: You don't still do that?
S. M. C.: I quit.
DEFENSE COUNSEL: When did you quit?

---

[12] *DiPietro*, 356 Ga. App. at 545 (2) (a).

[13] *Odom v. State*, 243 Ga. App. 227, 229 (1) (b) (531 SE2d 207) (2000).

S. M. C.: Last week.

Investigator Griffin essentially confirmed this testimony, testifying that during his attempt to have "small talk" with S. M. C., S. M. C. told him that she had "a lot[ ]" of YouTube followers under her YouTube username and wanted to attend a video-gaming conference on the West Coast.

Campbell attempted to introduce testimony from an investigator that S. M. C. did not own the YouTube account in question. Campbell argued that the he could impeach S. M. C. on a collateral matter indirectly material to the issue in the case, and the matter was material because his theory of the defense was that S. M. C. had fabricated the allegations in order to escape the squalid conditions in the home. The trial court declined to admit this testimony, ruling that it was inadmissible under OCGA § 24-6-608 as extrinsic evidence of untruthfulness, and that the evidence was not relevant under OCGA § 24-4-401.

OCGA § 24-6-621 provides that "[a] witness may be impeached by disproving the facts testified to by the witness[,]" "but the use of extrinsic evidence to impeach a witness by contradiction is not unlimited."[14] "[I]t is within a trial court's discretion to determine if a party is improperly attempting to use extrinsic evidence to impeach

---

[14] *Corley*, 308 Ga. at 325 (3).

7

a witness by contradiction under OCGA § 24-6-621 on a matter collateral to the relevant issues at trial."[15] Similarly, under OCGA § 24-6-608 (b), "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than a conviction of a crime . . . may not be proved by extrinsic evidence."

In this case, the connection between S. M. C.'s sexual assault allegations and her testimony regarding her purported YouTube channel is extremely attenuated, and the trial court thus did not abuse its discretion in excluding Campbell's extrinsic evidence on this issue as irrelevant and on a matter collateral to the issues at trial.[16] Nor did the trial court abuse its discretion in excluding the testimony under OCGA § 24-6-608 (b).[17] "Trial court judges retain wide latitude to impose reasonable

---

[15] Id.

[16] See *Corley*, 308 Ga. at 324-326 (3) (holding that the trial court did not abuse its discretion in excluding extrinsic evidence regarding a witness's rent dispute in a murder trial where the primary issue was justification); *Moore v. State*, 356 Ga. App. 752, 755 (2) (848 SE2d 910) (2020) (holding that, in an assault case, the trial court did not abuse its discretion in excluding extrinsic evidence that the victim may have been having an affair).

[17] See *Daniels v. State*, 349 Ga. App. 681, 684 (2) (b) (824 SE2d 754) (2019) (holding that, in a robbery trial, the trial court did not abuse its discretion in excluding evidence as to why the victim left her job several months before the robbery).

limitations on cross-examination . . . or interrogation [on issues] that [are] only marginally relevant."[18]

For these reasons, we affirm the denial of Campbell's motion for new trial.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[18] Id. (citation and punctuation omitted).